(No. 4834

AMERICAN INDEMNITY COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

PFLIFER, FIXMER AND GASAWAY, Attorneys for Claimant.

LATHAM CASTLE. Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

A complaint was filed in this cause on July 29, 1958 by the American Indemnity Company, A Corporation.

The record consists of the following:

1. Complaint
2. Stipulation in lieu of evidence
3. Statement, brief and argument of claimant
4. Commissioner's Report.

The Commissioner adopted the stipulation, and recommended an award in the amount of $611.81.

Claimant, A Texas Corporation, was authorized and licensed to transact and conduct fire insurance business in the State of Illinois. During the year of 1956 it received from the sale of fire insurance in the State net premiums, taxable under the provisions of the Illinois Insurance Code (Chap. 78, Sec. 409, Par. 1021, 1957 Ill. Rev. Stats.), in the amount of $1,236,148.89, as set forth in its 1956 privilege tax statement filed with the Director of Insurance, a copy of which is attached to the complaint, marked exhibit A, and made a part thereof.

It is set forth in the complaint that net taxable premiums, when assessed at the applicable premium tax rate of 3.85%, produced a tax of $47,591.74 before allowance for deductions authorized by Sec. 409 of the Illinois Insurance Code (Chap. 73, Par. 1021 (2), 1957 Ill. Rev. Stats.). Claimant claimed and was allowed credit for deductions representing amounts paid by claimant to cities, villages and incorporated towns and fire protection districts of the State of Illinois, for the benefit of organized fire departments, which totalled $398.38.

Claimant deducted the sum from said tax in the amount of $47,591.74, and paid to the Director of Insurance the sum of $47,193.36 for its 1956 premium tax for the privilege of doing business in the State of Illinois.

(This was represented by a photostatic copy of a check, marked exhibit B, and by reference made a part of said complaint.)

It is further alleged that in 1956 claimant paid to various incorporated cities, towns and villages of the State of Illinois 3.85% of its gross receipts of premiums received for fire insurance upon property situated within the respective municipalities during said year as taxes for the benefit of the respective organized fire department pursuant to the provisions of Art. 38, Sec. 1 of the Cities and Villages Act (Chap. 24, Par. 38-1, Ill. Rev. Stats., 1957). Said payments were as follows:

| | |
|---|---:|
| City of Chicago | $ 545.36 |
| Village of Wilmette | 2.73 |
| City of East St. Louis | 25.53 |
| Town of Cicero | 13.18 |
| City of Decatur | 25.01 |
| Total | $ 611.81 |

Copies of the receipts are attached to the complaint, by reference made a part thereof, and marked exhibits C, D, E, F and G.

It is alleged that claimant inadvertently failed to include said sum of $611.81 as a credit toward the payment of the said tax in the amount of $47,591.74, or to otherwise deduct such payments from its 1956 privilege tax aforesaid.

Claimant, under the laws of this State, is entitled to a deduction from its premium privilege tax for all sums paid to municipalities for fire department taxes, and is, therefore, entitled to an additional deduction in the amount of $611.81 from its 1956 premium privilege tax in addition to the amount of $398.38 set forth in its complaint.

There would be no authority for the Director of

Insurance to reimburse claimant for the overpayment, and the only way that this overpayment can be recovered is in this Court by reason of certain amendments to Sections 8 and 22 of "An Act to create the Court of Claims". This Act, entitled "Senate Bill No. 891", and approved by the 70th General Assembly on July 11, 1957, provides in subsection F of Section 8:

"All claims for recovery of overpayment of premium taxes or fees or other taxes by insurance companies made to the State resulting from failure to claim credit allowable for any payment made to any political subdivision or instrumentality thereof. Any claim in this category, which arose after July 15, 1945, and prior to the effective date of this amendatory Act, may be presented as if it arose on the effective date of this amendatory Act without regard to whether or not such claim has previously been presented or determined."

Inasmuch as there has been an overpayment, and claimant would have been entitled to a further credit of $611.81; and, further, in view of the Act of the General Assembly passed on July 11, 1957, an award is, therefore, made to claimant in the amount of $611.81.